UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-15-F

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $2,564.00 in UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's Motion for Summary Judgment [DE-23].

## I. PROCEDURAL HISTORY

According to the Complaint [DE-1] in this matter, "[t]his is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(2)(A), providing for the forfeiture of any property involved in violations of 18 U.S.C. § 1956(c)(7)(A) and 1961(1)(F), and any property traceable to such violations." According to the appended Declaration, Exhibit 1 to [DE-1], of Special Agent Brant of the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE), the defendant cash was seized by law enforcement officers from Edgar Lagunas-Ocampo pursuant to an investigation concerning the smuggling of illegal aliens from Mexico to the United States.

Upon application of the Government [DE-2] based on the declaration of Special Agent Brant, Dennis P. Iavarone, Clerk of Court, United States District Court, Eastern District of North Carolina, issued a Warrant of Arrest and Notice *In Rem* [DE-3] for the arrest of the defendant

currency on January 27, 2009. Agent Brant's declaration and the Government's Complaint contend that probable cause exists for seizure and forfeiture of the defendant currency.

On March 16, 2009, Edgar Antonio Lagunas-Ocampo, who was served by certified mail [DE-5], filed a pro se Claim Declaration and Answer [DE-7] seeking return of the defendant currency. He contended that the Complaint failed to state a claim because he "was indicted in a single count indictment for Illegal Reentry of an Aggravated Felony [sic] pursuant to 8 U.S.C. §§ 1326(a)(2) and (b)(2)," Claim Declaration [DE-7], at ¶ 2, and therefore the court lacked jurisdiction to entertain an *in rem* civil action under under 18 U.S.C. § 981(a)(1)(A), which provides for forfeiture of property involved in violations of 18 U.S.C. §§ 1956, 1957, and 1960. Lagunas-Ocampo thereafter filed a Motion for Return of Property [DE-10] concerning the defendant currency, contending he was entitled to the return of the seized currency because he was unlawfully arrested and because the currency does not constitute evidence of a crime.

In an order filed on August 6, 2009 [DE-15], the court denied Lagunas-Ocampo's Motion for Return of Property, noting that the Government appeared to be seeking forfeiture of the cash through the proper means, and because this is an *in rem* action for civil forfeiture, it is irrelevant whether Lagunas-Ocampo has or not been convicted – or even charged – with any criminal offense in relation thereto.

On December 8, 2009, the Government filed a Motion to Compel [DE-21] responses to its first set of interrogatories and request for production of documents. It also filed a Motion for Summary Judgment, noting that Lagunas-Ocampo failed to respond to its request for admissions. Lagunas-Ocampo filed his response to the Government's Motion for Summary Judgment, and a Motion for Leave of the Court to file his answer/response to the Government's first set of

interrogatories and request for production of documents out of time. He did not, however, file any motion addressing his failure to respond to the Government's request for admissions.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322-23.

### B. Analysis

In the Government's "First Request for Admissions Directed to Claimant Edgar Antonio Lagunas-Ocampo," the Government requested that Lagunas-Ocampo admit to the following:

> 1. The claimant transported Delfina Perez Gonzalez, a person he knew had entered the United States illegally, within the United States in exchange for the payment or expectation of payment of at least $1000.00.
> 2. The claimant transported Juan Ascencio-Hernandez, a person he knew had entered the United States illegally, within the United States in exchange for the payment or expectation of payment of at least $1000.00.

3

> 3. The claimant transported all the individuals in the van he was riding in on June 21, 2007, knowing that each had entered the United States illegally, in return for the payment of or expectation of payment of $1000.00 or more.
> 4. The currency seized from the claimant on June 21, 2007 is the proceeds of the illegal smuggling of aliens.

Mem. in Support of Mot. for Summ. J. [DE- 24], Ex. C. Lagunas-Ocampo has neither objected to the Government's Request for Admissions nor served the Government with a written answer. Nor has Lagunas-Ocamp requested, nor received, an extension of time to respond to the request for admissions.[1] and therefore, pursuant to Federal Rule of Civil Procedure 36(a)(3), these requests for admission are deemed admitted for purposes of this action. *See* FED. R. CIV. P. 36(a)(3)("A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

Moreover, Rule 36(b) provides: "A matter admitted under this rule is conclusively established unless the court, on motions, permits the admission to be withdrawn or amended." Here, Lagunas-Ocampo has not filed a motion to withdraw or amend these admissions, and this court may therefore treat the admissions as conclusively established for the purposes of the Government's Motion for Summary Judgment. The Government, therefore, is entitled to a judgment of forfeiture against the defendant property, $2,564.00 in U.S. Currency, pursuant to 18 U.S.C. § 981(a)(1)(A).

---

[1] Lagunas-Ocampo did file a motion for an extension of time with regard to the Government's First Set of Interrogatories and First Request for Production of Documents, but he has not addressed the Government's Request for Admissions.

4

Accordingly, the Government's Motion for Summary Judgment [DE-23] is ALLOWED, and the Clerk of Court is DIRECTED to enter judgment accordingly. All other pending motions are DENIED as moot.

SO ORDERED.

This the 1st day of February, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge